TODD BLANCHE
Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE CARLOS DALLI CASTRO, aka<br>Julio Castro Lopez, aka<br>Mario Mejia Rojas, aka<br>Alberto Silva Valdez, aka<br>Mike Boris Oganov, aka<br>Amer Daoud Panou,<br><br>Defendant. | Case No. 2:26-cr-00168-JAD-NJK<br><br>**Stipulation for Protective Order** |

IT IS HEREBY STIPULATED AND AGREED, by and between Todd Blanche, Attorney General, Kimberly M. Frayn, Assistant United States Attorney, counsel for the Government, Rick Mula, Assistant Federal Public Defender, counsel for defendant Jose Carlos Dalli Castro, Aka Julio Castro Lopez, aka Mario Mejia Rojas, aka Alberto Silva Valdez, aka Mike Boris Oganov, aka Amer Daoud Panou, ("defendant" or "Dalli")

request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential personal identifying information (PII), financial information, and tax information of participants, witnesses, and victims referenced in the discovery.

In support of this Stipulation, the parties state and agree as follows:

1. On or about August 12, 2026, Dalli was indicted on charges, including Passport Fraud in violation of 18 U.S.C. § 1543, Wire Fraud, in violation of 18 U.S.C. § 1343, Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957, and Visa Fraud in violation of 18 U.S.C. § 1546. ECF 25. The government alleges that, as a result of this fraud scheme, defendant Dalli obtained or attempted to obtain at least $1,357,900 from more than 44 victims that he used for his own personal gain and the benefit of others.

2. The discovery contains extensive amounts of the victims' Personally Identifiable Information (PII), such as names, addresses, social security numbers, birthdates, financial account information, other financial information, which is collectively referred to here as the "Protected Information."

3. The release of Protected Information to the defendant, public, or third parties not involved in the case could endanger further the privacy of the victims and could further subject them to potential misuse of their identities.

4. The volume of PII in the discovery is such that the government redacting the materials is not feasible and will greatly diminish the content and render the materials, in general, incomprehensible. Accordingly, to protect against this outcome while also balancing the government's discovery obligations, the parties agree that the "Protected Information" is subject to this protective order.

5. In order to protect the privacy of the victims and other individuals referenced in the discovery, and the integrity of this investigation and prosecution, the parties agree to restrict access to the following individuals: attorneys for all parties and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, vendors, IT staff, contractors, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

a. make copies for, or allow copies of any kind to be made by any non-covered individuals of the Protected Information in this case;

b. allow any non-covered individuals to read, listen, or otherwise review the Protected Information in this case, except as provided in paragraph 7;

c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges arising out of this case; or

d. publicize any Protected Information, including by attaching any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

7. Defendant Dalli shall not have access to Protected Information except as follows, unless modified by further order of the Court:

a. Except as set forth in Paragraph 5, i*nfra*, Covered Individuals are permitted to review Protected Information with their respective client. However, Covered Individuals will not allow their respective client to retain copies of Protected Information, or any notes regarding or related to Protected Information.

b. The defendant, except as noted above, shall only be permitted to review the Protected Information in the presence of a Covered Individual who shall retain exclusive possession of the Protected Information.

9. In the event of any dispute related to the government’s designation of Protected Information, the parties will first meet and confer. If the parties cannot resolve the discrepancy, they shall seek a ruling from the Court concerning whether the document contains Protected Information and is subject to the rules set out in this stipulation.

10. The Covered Individuals shall be further advised that any violation of this Protective Order may result in sanctions by the Court.

11. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

12. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

13. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

14. In the event of a disclosure of the Protected Information, the party making or learning of the disclosure will immediately:

a. Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

b. Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was made;

c. Notify the government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

d. Notify the Court in writing under seal.

15. The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1).

16. The defense hereby stipulates to this protective order.

Respectfully submitted,

TODD BLANCHE
ATTORNEY GENERAL

*/s/Kimberly M. Frayn* — 11/02/2026
KIMBERLY M. FRAYN — Date
Assistant United States Attorney

RENE L. VALLADARES
FEDERAL PUBLIC DEFENDER

*/s/Rick Mula* — 11/02/2026
RICK MULA — Date
Assistant Federal Public Defender
Counsel for defendant Dalli Castro

IT IS SO ORDERED.
Dated: November 3, 2026

Nancy J. Koppe
United States Magistrate Judge